92 N.J. Super. 560 (1966)
224 A.2d 331
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT W. WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1966.
Decided November 10, 1966.
*561 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Israel E. Mischel appeared on behalf of appellant.
Mr. Thomas L. Yaccarino, Assistant Prosecutor, appeared on behalf of respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
PER CURIAM.
This is an appeal from a denial of defendant's petition for post-conviction relief.
The facts are not in dispute. On May 27, 1964 defendant was arrested in Jersey City on a fugitive warrant from Monmouth County charging him with the crimes of breaking and entering with intent to steal and larceny. He was committed to the Monmouth County jail to await action of the grand jury. While there, federal warrants were lodged against defendant charging him with stamp thefts from certain post offices. On August 13, 1964 defendant was brought before the United States District Court in Brooklyn to answer the federal charges. He was assigned counsel, his arraignment was *562 postponed until August 27, and he was returned to the Monmouth County jail. On August 27 defendant was again brought to the federal court in Brooklyn, where he pleaded guilty to the federal charges and sentence was scheduled for September 24.
On September 23, 1964 defendant appeared in the Monmouth County Court and entered a plea of guilty to an accusation containing three counts charging breaking and entering with intent to steal and three counts of larceny. Sentencing by the state court was scheduled for October 23. On October 16 defendant was brought to the federal court in Brooklyn where he was sentenced to a term of five years in the federal penitentiary at Lewisburg. He was returned to the Monmouth County jail and thereafter on October 23 was sentenced to a term of five to seven years on each of the counts for breaking and entering, said sentences to run concurrently, and to one to two years on each of the counts for larceny, said sentences to run concurrently but consecutively to the sentences imposed for breaking and entering. The court further ordered that such sentences should run consecutively to the federal sentence.
On October 26 defendant was taken to Lewisburg Penitentiary to serve the federal sentence. Thereafter, on January 18, 1965, the County Court judge reconsidered the sentences imposed and amended the same to provide that they would run concurrently with the federal sentence then being served.
In June 1965 defendant filed a petition for post-conviction relief, contending that New Jersey lost its jurisdiction over him by surrendering him to the federal authorities for the purpose of serving his federal sentence. He sought an order to void the detainer filed against him with the warden of the federal penitentiary. The County Court denied his petition and defendant appealed.
Defendant does not attack the validity of his conviction in this State. In essence, it is his contention that New Jersey, by allowing the Federal Government to incarcerate him in a federal penitentiary for violation of a federal statute while *563 under a prior sentence by the State of New Jersey, relinquished or waived its right to carry into execution the sentence previously imposed upon him by the New Jersey court.
We do not agree. Inasmuch as it is impossible for a person to be in two places at the same time, where one owes penalties to two separate sovereigns, one sovereign must relinquish its claim and allow the other to exact its penalty first. Such relinquishment does not constitute a waiver of punishment but rather a mere delay in its execution. The order of punishment is a matter to be decided between the sovereigns  it is a matter of comity between them, and the decision arrived at is one over which the convict has no control. Heston v. Green, 174 Ohio St. 291, 189 N.E.2d 86 (Sup. Ct. 1963), certiorari denied 374 U.S. 822, 83 S.Ct. 1901, 10 L.Ed.2d 1080 (1963); Guerrieri v. Maxwell, 174 Ohio St. 40, 186 N.E.2d 614 (Sup. Ct. 1962); State ex rel. Smith v. Dowd, 234 Ind. 152, 124 N.E.2d 208 (Sup. Ct. 1955); Knowles v. Gladden, 227 Or. 408, 362 P.2d 763 (Sup. Ct. 1961), certiorari denied 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537 (1962). In terms of underlying rationale see State v. Brockington, 89 N.J. Super. 423, 431-432 (App. Div. 1965), citing Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922).
We are satisfied that the holding in abeyance of the sentence imposed by the New Jersey court pending satisfaction by defendant of the federal penalty, and the mere delay in the execution of the New Jersey sentence, gives defendant no right to a discharge therefrom.
Affirmed.