**Application of Stanley BROWN for a Writ of Habeas Corpus.**

**No. A–14347.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1967.

George L. Hill, McAlester, for petitioner.

G. T. Blankenship, Atty. Gen., James Martin, Pittsburg County Dist. Atty., for respondent.

BUSSEY, Judge.

Stanley Leo Brown was charged in the District Court of Reno County, Kansas and was sentenced to Kansas State Industrial Reformatory for the crime of Forgery, but by order of the District Judge was placed on probation for a period of three years and permitted to leave the State of Kansas and return to his home in Oklahoma. The Probationary Order was entered on the 28th day of January, 1961; thereafter, Stanley Leo Brown returned to Oklahoma and was sentenced to serve two terms of imprisonment, to run concurrently, in the District Court of Kay County, Oklahoma. He was received at the penitentiary on the 28th day of September, 1961, and continued serving said sentences until the 9th day of April, 1963, at which time he returned to Oklahoma City. On the 25th day of June, 1963, he was charged by information with the crime of Robbery with Firearms, in the District Court of Oklahoma County and was sentenced on the 10th day of December, 1963, on said charge to serve a term of seven years in the State Penitentiary. On the 15th day of November, 1963, the County Attorney of Reno County, Kansas filed a motion to revoke the parole in the District Court of said county. Thereafter, on the[1] 18th day of November, 1963, a warrant was duly issued for the arrest of Stanley Leo Brown for parole violation and this warrant was forwarded to the Sheriff of Oklahoma County and a hold was placed on Brown in the State Penitentiary. Prior to Brown's release from the State Penitentiary on the 16th day of June, 1967, the Kansas authorities were notified and extradition proceedings were commenced.

Brown is currently confined in the Pittsburg County jail under authority of a Governor's Warrant on Foreign Requisition. Brown filed an application for a Writ of Habeas Corpus before the Honorable Robert Bell, District Judge in and for Pittsburg County. A hearing was set for the 26th day of June, 1967. Prior to said hearing, Brown's attorneys sought a continuance or postponement of said hearing, which was denied. On the 26th day of June, 1967, an application for Habeas Corpus was filed in this Court seeking release of the petitioner from confinement in the Pittsburg County jail and prohibiting his return to the State of Kansas under the Warrant on Foreign Requisition issued by the Governor of the State of Oklahoma for the reason that the State of Kansas by releasing the petitioner on probation and authorizing his return to the State of Oklahoma, and the subsequent failure of the Kansas authorities to seek parole revocation after petitioner had been discharged from serving the two sentences imposed by the Kay County District Court.

Oral argument was held on the 5th day of July, 1967, and this cause was submitted on the exhibits and argument of counsel.

While this Court is committed to the principal that:

"A person in custody for an offense in one state may be surrendered to another state which requests his extradition, and such surrender operates as a waiver of jurisdiction of state over person of pris-

oner and prisoner cannot thereafter be considered a fugitive from justice from surrendering state so as to permit it to requisition him on termination of proceedings against him in second state."[1] the facts in the instant case do not fall within the provisions of this rule. We are of the opinion that when a sister state releases a convicted felon under probation and permits him to leave its jurisdiction, and threafter he returns to Oklahoma and violates the terms of his probation, the state wherein the probation was granted is not precluded from extraditing said felon.

For the reasons above set forth the writ prayed for is denied. Writ denied.

NIX, P. J., and BRETT, J., concur.

1. See Anderson v. State, Okl.Cr.App., 386 P.2d 320, citing with approval Ex parte Drake, Cal.App., 233 P.2d 931.