124 N.J. Super. 144 (1973)
305 A.2d 88
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES PARSELLS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 7, 1973.
Decided May 30, 1973.
*145 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Michael L. Perlin, First Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney for respondent (Mr. Howard G. Golden, Assistant Prosecutor, of counsel; Mr. Franklin L. Flacks, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LYNCH, J.A.D.
Defendant appeals from an order extraditing him to the Commonwealth of Pennsylvania for service there of a sentence to a term of 15 1/2 to 31 years for various crimes. On or about June 22, 1964 defendant James Parsells was convicted in the Atlantic County Criminal Court of breaking and entering and sentenced to the New Jersey State Prison for a term of not less than five nor more than seven years. On June 4, 1965 he began serving his sentence and was subsequently paroled on December 19, 1967. Parole was revoked on July 15, 1968, apparently in light of defendant's further conviction on or about May 5, 1967 on a charge of petit larceny in the same court. The record is unclear as to whether defendant was then incarcerated and served the remainder of his term or that he was again paroled. The latter is more probable (in light of the length of his original sentence), for on February 11, 1970 he was arrested in the Commonwealth of Pennsylvania and charged with a number of offenses, including burglary, larceny, receiving stolen goods, possession of dangerous drugs, *146 possession of burglary tools and conspiracy, among others. Bail having been set and later revoked, defendant was placed in the Delaware County (Pennsylvania) jail. On February 2, 1971 Parsells was tried before a jury on the above offenses and convicted three days later on February 5, 1971. Thereafter, on March 10, 1971 the Governor of New Jersey issued a requisition warrant to the Governor of Pennsylvania pursuant to N.J.S.A. 2A:160-1 et seq. On April 5, 1971 defendant was sentenced in the Court of Common Pleas of Delaware County to a term of 15 1/2 to 31 years in the Pennsylvania State Prison and, as stated in defendant's brief, immediately thereafter extradited to New Jersey for service of his sentence as a parole violator. Defendant began serving his sentence in New Jersey during April 1971, continuing until April 28, 1972. Prior to defendant's release from the New Jersey State Prison a "detainer" was filed there by Pennsylvania authorities for return of defendant to that jurisdiction. On July 28, 1972 the date scheduled for defendant's release from State Prison, he and counsel appeared before the Superior Court, Law Division, Mercer County, to move for a formal extradition hearing. Upon the court's assurance that such a hearing would be required in any event prior to defendant being extradited, the motion was withdrawn. Based upon the "detainer" both the State and defense counsel considered that the proper place for defendant was in the county jail pending an application from Pennsylvania authorities for extradition. Defendant was then incarcerated.
On August 3, 1972 the Governor of Pennsylvania issued a requisition warrant requesting the apprehension and delivery of Parsells to Pennsylvania authorities to begin serving his sentence previously imposed. That request was granted on August 16, 1972, commanding that defendant be arrested and delivered to named Pennsylvania agents. Thereafter, on September 19 and 28, 1972 a hearing was held on defendant's motion to vacate the Pennsylvania requisition and New Jersey extradition order. By letter *147 opinion, dated October 6, 1972, the motion was denied. On October 24, 1972 a final hearing was had on the issues, after which defendant was ordered to be extradited to Pennsylvania. A stay of judgment was granted by the Appellate Division pending a hearing before the entire panel. On November 10, 1972 a permanent stay was granted pending this appeal.
On appeal defendant makes the following contentions: (a) Pennsylvania has waived its jurisdiction over the defendant and now cannot demand his return; (b) since defendant was neither arrested in New Jersey under a new complaint nor upon an information without a warrant, the proceedings below are without legal effect; (c) since no agent from the Commonwealth of Pennsylvania appeared within 30 days of defendant's incarceration, he should be discharged, and (d) no proof was offered below that defendant was in Pennsylvania on February 9, 1970, the date of the alleged crime.
Defendant contends that at the time he was released by the Pennsylvania authorities he was in custody in that state and his release amounted to a waiver by the Commonwealth of Pennsylvania of the remaining part of his sentence  "in effect," as said in Golla v. State, 52 Del. 433, 159 A.2d 585 (Sup. Ct. 1960), "a commutation of sentence." His principal reliance is upon the case of People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517 (Sup. Ct. 1943).
Barrett does indeed hold that where a prisoner serving a sentence is extradited as a fugitive from justice and delivered to another state, jurisdiction over his person is forever waived by the asylum state. The trial court here distinguished Barrett and also People ex rel. O'Connor v. Bensinger, 48 Ill.2d 440, 270 N.E.2d 1 (Sup. Ct. 1971), on the ground that in those cases the prisoners were extradited while serving their sentences, while defendant Parsells, said the trial court, was "transferred before he began service of his sentence."
*148 We disagree with the distinctions made by the trial court as to Barrett and also O'Connor. In our view, Parsells too was transferred while serving his sentence in Pennsylvania and while in custody. True, it does not appear that he was behind prison walls at that time. However, on April 5, 1971 he was sentenced in the Court of Common Pleas of Delaware County to a term of 15 1/2 to 31 years in Pennsylvania State Prison and "immediately thereafter" was transferred to New Jersey for service of his sentence as a parole violator. There was no stay of execution of the sentence nor was he on parole. Therefore at the time of his transfer he was under sentence and in custody.
Despite our difference with the trial judge as to whether Barrett is distinguishable and, indeed, considering, as we do, that it is indistinguishable on its facts, we decline to follow it. Barrett and its progeny represent the minority view on the question of "waiver" of the surrendering state's rights to exact the full penalty for the crime committed in its jurisdiction. As the Supreme Court of Ohio stated in discussing the Barrett decision:
This, however, is the minority view. An examination of those cases shows no sound basis at law or under the Constitution to conclude that a release of a convict to one soverign for prosecution for another crime or to serve a sentence for which crime the prisoner has already been convicted by another sovereign should constitute a waiver of its rights to exact the full penalty. [Heston v. Green, 174 Ohio St. 291, 189 N.E. 2d 86-87 (Sup. Ct. 1963), cert. den. 374 U.S. 822, 83 S.Ct. 1901, 10 L.Ed.2d 1080 (1963)]
We likewise see no sound basis at law for the "waiver" recognized in Barrett, particularly since the proceedings here were pursuant to our Extradition Act, N.J.S.A. 2A:160-1 et seq.
N.J.S.A. 2A:160-8 reads as follows:
Nothing in this article contained shall be deemed to constitute a waiver by this state of its right, power or privilege to try such demanded person for crime committed within this state, or of its right, power or privilege to regain custody of such person by extradition *149 proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state, nor shall any proceedings had under this article which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever.
The Commonwealth of Pennsylvania has similar provisions. 19 P.S. §§ 191.1 to 191.31. In light of the above statutory language, our courts have generally held contra to the position argued by defendant. Rau v. McCorkle, 45 N.J. Super. 191 (Law Div.), aff'd 47 N.J. Super. 36 (App. Div. 1957); State v. Williams, 92 N.J. Super. 560 (App. Div. 1966).
It is true that pursuant to N.J.S.A. 2A:160-33, when a prisoner charged in this State with a crime is imprisoned in another state, the Governor of this State may agree with the Governor of the other state for the extradition of the prisoner before the conclusion of his term of sentence in such other state, upon condition that such prisoner be returned to the other state "at the expense of this State" as soon as the prosecution in this State is terminated. Defendant here argues that the foregoing section is the only authority for extradition by way of return of a prisoner to a state from which he had previously been extradited while serving his sentence, i.e., only when such agreement between the Governors has been entered into. We disagree. We consider that the Pennsylvania counterpart of our N.J.S.A. 2A:160-8 (19 P.S. § 191.27), which provides that nothing in the Extradition Act shall constitute a waiver of that state's right to try a prisoner for crime committed in that state, has overriding significance.
We therefore hold, contrary to Barrett, that the surrender of defendant by the Commonwealth of Pennsylvania to New Jersey under the circumstances herein, did not constitute a waiver of Pennsylvania's right to exact the full penalty for the crimes committed by defendant in that state.
Affirmed.