590 P.2d 463

**The STATE of Arizona, Appellee,**

v.

**Charles Edward BARLEAN, Appellant.**

**Nos. 2 CA–CR 1515, 2 CA–CR 1516–2 and 2 CA–CR 1517–3.**

Court of Appeals of Arizona, Division 2.

Nov. 24, 1978.

Rehearing Denied Jan. 10, 1979.

Review Denied Jan. 30, 1979.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Does the trial court lose jurisdiction to enter a judgment of guilt and impose sentence when the governor signs a warrant to extradite the defendant to another state? We hold that it does not and affirm.

On May 12, 1978 appellant entered a guilty plea to fraudulent use of a credit card, with a prior conviction, and admitted the allegations of the petition to revoke probation filed in two previous cases. A dispositional hearing was set for June 6, 1978. On May 18, 1978 the Governor of the State of Arizona signed a warrant authorizing appellant's extradition to the State of California. The warrant was served upon appellant and the trial court, pursuant to A.R.S. Sec. 13–1310, gave him ten working days within which to apply for a writ of habeas corpus although appellant expressed no desire to do so.

On June 6, 1978 appellant moved to dismiss the charges against him on the ground that the governor's warrant deprived the court of jurisdiction. The trial court denied the motion and sentenced appellant to the Arizona State Prison. California law enforcement officers subsequently arrived and took him back to California where he was convicted on the California charges.

It should first be made clear that this case does not involve the refusal to obey the governor's warrant. Nor are we concerned with the power of the governor to extradite a fugitive while criminal proceedings are pending his state. See *People ex rel. Linaris v. Weizenecker,* 89 Misc.2d 814, 392 N.Y. S.2d 813 (Putnam County Ct. 1977); *Commonwealth ex rel. Accobacco v. Burke,* 162 Pa.Super. 592, 60 A.2d 426 (1948). The question is whether Arizona waived its jurisdiction prior to delivering appellant to the California authorities.

The rule is that when the requisition from the demanding state has been honored *and the fugitive surrendered,* such surrender will operate as a waiver of jurisdiction. *People ex rel. Barrett v. Bartley,* 383 Ill. 437, 50 N.E.2d 517 (1943) and authorities cited therein at 521. See also Annot. 93 A.L.R. 931. Perusal of the Arizona statutes supports such a conclusion. For example, under A.R.S. Sec. 13–1310, the person arrested under the governor's warrant has the right to contest it through a writ of habeas corpus and under Sec. 13–1317 the court has jurisdiction to discharge or recommit him if he is not arrested within the time specified in the warrant.

The warrant merely gives the agents of the demanding state the authority to arrest the fugitive in the State of Arizona and return him to the demanding state. They may never do so. Jurisdiction is not waived before he is taken into custody by the agents of the demanding state.

Affirmed.

HATHAWAY, J., and RICHMOND, C. J., concurring.