606 P.2d 815

STATE of Arizona, Appellee,

v.

Edward Nelson CANADY, Appellant.

No. 4877.

Supreme Court of Arizona, En Banc.

Feb. 7, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Edward N. Canady pleaded guilty to an open-ended charge of aggravated assault, in violation of A.R.S. §§ 13–241 and 13–245(A). At sentencing the offense was designated a felony and the imposition of sentence was suspended for five years. The terms of appellant's probation included, *inter alia*, 52 weekends in the county jail, a fine, and the obligation to report to a probation officer monthly, advise the probation officer of appellant's employment status, and secure the probation officer's prior approval before leaving the state.

Pursuant to an Arizona Governor's Warrant, appellant was arrested March 1, 1977, and subsequently extradited to Washington where appellant had been convicted of burglary and had violated the terms of his parole. In Washington, appellant was tried and sentenced to 90 days in jail on misdemeanor charges. After his release from jail in mid-June, 1977, appellant's Washington parole on the burglary conviction was reinstated. After satisfying his Washington obligation, appellant failed to return to Arizona, whereupon a Petition to Revoke Probation was filed in the Maricopa County Superior Court. The petition alleged violation of the heretofore described terms of appellant's probation and pursuant to Rule 27.5, Rules of Criminal Procedure, 17 A.R.S., a bench warrant for the arrest of appellant was issued.

Upon execution of the bench warrant and after an initial appearance pursuant to Rule 27.6, Rules of Criminal Procedure, 17 A.R.S., a revocation arraignment on the Petition to Revoke Probation was held. Appellant denied the allegations of the probation violation and was released on his own recognizance pending a November 7, 1977, violation hearing. On information received from appellant's counsel, the trial court revoked appellant's O.R. release two days after the revocation arraignment and a bench warrant was issued for appellant's arrest.

Appellant was not present at the revocation hearing. Defense counsel advised the trial court that he was not ready to proceed because appellant had absented himself from the jurisdiction. The trial court proceeded with the revocation hearing in appellant's absence but with defense counsel present, and subsequently found that appellant had violated Terms 2, 4, 8, and 13 of his probation. Upon the state's request, the court went forward with the disposition hearing, finding that appellant voluntarily absented himself from the jurisdiction. The court revoked appellant's probation, imposed a prison sentence of 4 years 11 months to 5 years, and further ordered that upon appellant's arrest he be brought before the court for resentencing so that appellant could exercise his right of allocution.

Appellant was subsequently arrested. On March 22, 1978, the trial court vacated the sentence previously imposed on November 7, 1977, and entered an order indicating that appellant had violated the terms of his probation. The court revoked probation and pronounced a sentence of 2½ to 4 years incarceration in the Arizona State Prison.

The court granted appellant's motion for a delayed appeal and he appealed from the probation revocation order of March 22, 1978. We take jurisdiction pursuant to Rule 47(e)(5), Rules of Supreme Court, 17 A A.R.S.

Two issues are raised in this appeal:

1. Did Arizona lose jurisdiction over appellant by extraditing him to Washington without expressly reserving the right of return of appellant upon satisfaction of his Washington obligation?

2. Did appellant voluntarily waive his right to be present at the probation violation and disposition hearings?

We are first asked to decide whether extradition during the term of probation and in the absence of an executive agreement for the return of the probationer operates to waive future jurisdiction in the rendering state when that state subsequently seeks satisfaction of the probation obligation. We think it does not.

■ Assuming without deciding that extradition waives the surrendering state's right to thereafter demand the individual's return as a fugitive from justice if released in the demanding jurisdiction, it does not necessarily follow that the surrendering jurisdiction waives all claims it holds against that person. Here, appellant was obligated to return to Arizona to satisfy the terms of his probation. When appellant failed to do so the terms of his probation were violated and he rightfully could be held to answer for such violation. The bare fact of extradition does not operate to waive the surrendering state's power to seek satisfaction of obligations owed in that state. *Walsh v. State ex rel. Eyman*, 104 Ariz. 202, 450 P.2d 392 (1969). Absent affirmative evidence in the record of intentional waiver of jurisdiction, the surrendering state retains the power to assert jurisdiction and require satisfaction of its obligations. *State ex rel. Hood v. Purcell*, 8 Or.App. 532, 494 P.2d 461 (1972); *Bishop v. Cupp*, 7 Or.App. 349, 490 P.2d 524 (1971). Our facts here do not involve a question of the demanding state's obligation to expedite the return of the appellant to Arizona. Ultimately, the appellant voluntarily returned to Arizona and he was arrested on the outstanding warrant.

■ Appellant next claims his probation was revoked in violation of the requirements of the Arizona Rules of Criminal Procedure. The Rules of Criminal Procedure provide either of two procedural paths to follow when probation is revoked. When the probationer's whereabouts are known and there exists reason to believe that he has violated the terms of his probation, the state may proceed pursuant to Rules 27.5 through 27.7, Rules of Criminal Procedure, 17 A.R.S., to revoke probation. Where the probationer's whereabouts are unknown to his probation officer for 60 days, the state may proceed pursuant to Rule 27.9, Rules of Criminal Procedure, 17 A.R.S., and seek to revoke probation in absentia. Since revocation of probation in absentia is a severe remedy indeed, that procedure requires strict compliance with the terms of Rule 27.9. *State v. Alegre*, 120 Ariz. 323, 585 P.2d 1235 (1978).

■ We are not here presented with a Rule 27.9 question. Rule 27.9 provides the vehicle for revoking probation where the probationer's whereabouts are unknown at the outset of the proceedings and remain so during the entire course thereof. *See State v. Lovell*, 123 Ariz. 467, 600 P.2d 1099 (1979). In the instant case, appellant's presence was obtained for the initial appearance, Rule 27.6, and the revocation arraignment, Rule 27.7. Thereafter, appellant voluntarily absented himself from the proceedings and the trial court went ahead with the violation and disposition hearings. Even though Rule 27.7(b)(2) reads: "The probationer shall be present at the hearing," appellant here waived his right to be present by voluntarily absenting himself from the jurisdiction. *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *State v. Davis*, 108 Ariz. 335, 498 P.2d 202 (1972); *State v. Tacon*, 107 Ariz. 353, 488 P.2d 973 (1971).

**602**

■■ The trial court made an express finding that appellant "knowingly and willingly . . . absented himself from this hearing." It is clear that appellant knew of his right to be present and that appellant thereafter failed to show that he did not voluntarily choose to waive that right. *State v. Davis*, 108 Ariz. 335, 337, 498 P.2d 202, 204 (1972). It is also clear that the trial court had the power to revoke appellant's probation in the light of his voluntary absence from the proceeding.

■ Any defects in the revocation proceeding caused by appellant's absence were cured by the disposition hearing held subsequent to appellant's arrest in March, 1978. Following a hearing held March 22, 1978, where appellant was allowed to speak on his own behalf and explain his absence, the trial court vacated the earlier imposition of sentence and entered an order finding that appellant had violated the terms of his probation and thereafter resentenced him. Any defects in the original proceeding were, therefore, cured by the disposition in the subsequent proceeding.

The revocation of appellant's probation and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.