**Charles Lester COLE, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 84–1401.**

Supreme Court of Iowa.

Oct. 16, 1985.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Phillip L. Krejci, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

This postconviction appeal requires us to determine whether the Governor's issuance of an extradition warrant for petitioner Charles Lester Cole during the course of Cole's Iowa criminal proceeding stripped the district court of jurisdiction and rendered petitioner's subsequent conviction and imprisonment in this state illegal. Following a postconviction hearing, the district court found there was no loss of jurisdiction and petitioner's application for postconviction relief was denied. Petitioner appealed and we affirm.

The facts are not in dispute. October 7, 1982, the Marshall County attorney filed a trial information charging the petitioner with attempted murder. Thereafter petitioner was held continuously in the Marshall County jail until his ultimate conviction and sentence to prison.

March 16, 1983, while the Iowa charge was still pending, the Governor of Iowa issued an extradition warrant for the arrest and delivery of petitioner to identified Kentucky police officers to face a Kentucky charge of first-degree arson. This warrant was never executed and no attempt was made to deliver petitioner to the Kentucky authorities.

June 14, 1983, pursuant to a plea agreement, petitioner pleaded guilty to the reduced charge of assault while committing a felony. July 11, 1983, district court sentenced petitioner to a term of imprisonment not exceeding five years.

March 22, 1984, petitioner filed an application for postconviction relief pursuant to Iowa Code chapter 663A. Following a hearing, the district court dismissed this application. The court found petitioner had no knowledge of the Governor's extradition

warrant until October 1983. Although this excused petitioner's failure to raise the jurisdictional issue on direct appeal, the court nonetheless found the mere issuance of the extradition warrant did not affect the jurisdiction of the Iowa district court over petitioner in the criminal proceeding. Petitioner's appeal brings this single jurisdictional issue to us.

I. The right of a sister state to demand extradition derives from the United States Constitution:

A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2. The Uniform Criminal Extradition Act (UCEA), adopted by a majority of states, implements the right of extradition by setting out procedures for states to follow. Comity toward sister states has played an important role in the adoption and implementation of this effective extradition framework.

Iowa adopted the UCEA in 1949, *see* 1949 Iowa Acts ch. 244, and the current version of the act is found at chapter 820 of the Iowa Code. *See* Iowa Code ch. 820 (1983). We have construed the extradition statute liberally to effectuate its purpose. *State v. Martin*, 252 N.W.2d 438, 440 (Iowa 1977); *Hughes v. Waters*, 204 N.W.2d 599, 600 (Iowa 1973). Also relevant here is our following general rule of statutory construction:

Our decisions establish the rule that "[t]he goal in construing statutes is to ascertain legislative intent. . . . The spirit of the statute must be considered as well as the words. . . . A sensible, workable, practical, and logical construction should be given. . . . Inconvenience or absurdity should be avoided."

*Emmetsburg Ready Mix Co. v. Norris*, 362 N.W.2d 498, 499 (Iowa 1985) (quoting *Hansen v. State*, 298 N.W.2d 263, 265–66 (Iowa 1980)). With these principles of statutory construction before us, we address the merits of petitioner's argument.

■ II. This controversy centers on the effect the Governor's March 16, 1983, extradition warrant had on the State's jurisdiction over petitioner. Upon demand of the executive authority of another state, the Governor of Iowa may issue an extradition warrant authorizing the delivery of a fugitive found in Iowa to the demanding state. *See* Iowa Code §§ 820.2, .3, .7, .8 (1983). Because Iowa criminal charges were pending at the time the Governor issued the warrant, petitioner argues jurisdiction was waived.

Petitioner points to Iowa Code section 820.19 (1983) as controlling in this case.

If a criminal prosecution has been instituted against such person under the laws of this state and is still pending the governor, *in his discretion*, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state.

Iowa Code § 820.19 (1983) (emphasis added). From this section petitioner argues the Governor has two mutually exclusive alternatives: "the governor may either surrender the individual to the demanding state—as the governor did in this case by signing the extradition warrant—or the governor may wait until the criminal proceedings are completed in this state before signing the extradition warrant." When Iowa's Governor chose the first alternative and honored Kentucky's request, petitioner asserts Iowa's jurisdiction over him was waived.

Petitioner's position is supported by a minority of jurisdictions. *See People ex rel. Barrett v. Bartley*, 383 Ill. 437, 446–47, 50 N.E.2d 517, 521 (1943); *State v. Liakas*, 165 Neb. 503, 508, 86 N.W.2d 373, 377 (1957); *In re Brown*, 432 P.2d 358, 359–60 (Okla.Crim.App.1967). The decision in *Barrett* is typical. The Illinois court held the Governor's actual extradition of a prisoner to another state while he was serving an Illinois sentence waived Illinois' jurisdiction

over the prisoner. 383 Ill. at 446–47, 50 N.E.2d at 521. The *Barrett* court wrote:

> [T]he waiver of jurisdiction of a State over a fugitive is a prerogative of the Governor, and ... his extradition warrant takes *priority over all State process* by which the fugitive is held [and] a prisoner cannot be handed from one jurisdiction to another for the purpose of trial, conviction and service of a new sentence, before being returned to the asylum State for service of the unexpired sentence, without violating his constitutional rights.

*Id.* (emphasis added).

The State argues Iowa's mere issuance of an extradition warrant did not waive jurisdiction. It points to the two ways extradition takes place: Defendant waives extradition proceedings, *see* Iowa Code § 820.25 (1983), *or* demand is made upon the executive authority of this state and defendant actually is surrendered to the demanding state, *cf.* Iowa Code § 820.10 (1983) ("No person arrested upon such warrant *shall be delivered* over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken ... before a judge ... in this state, who shall inform him of the demand made for his *surrender* and of the crime with which he is charged, and that he has the right to ... legal counsel ....'" (emphasis added)). Because petitioner was never surrendered to Kentucky, the State contends no waiver of jurisdiction could have taken place even under petitioner's cited cases. Petitioner was never arrested under the extradition warrant. The mere issuance of the warrant did not release petitioner to Kentucky authorities. Thus extradition never occurred in this situation.

The State next asserts the waiver issue is controlled by Iowa Code section 820.26. That section states:

> *Nothing in this chapter contained shall be deemed to constitute a waiver by this state of its right, power or privilege to try such demanded person for crime committed within this state,* or of its right, power or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state, *nor shall any proceedings had under this chapter which resulted in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever.*

Iowa Code § 820.26 (1983) (emphasis added). Under the plain language of this section, the State argues, mere issuance of the extradition warrant cannot waive Iowa's jurisdiction over the petitioner.

The rule in most jurisdictions clearly favors the district court's decision, and the State's position on appeal. *See State v. White,* 131 Ariz. 228, 230, 639 P.2d 1053, 1055 (Ariz.Ct.App.1981) ("[T]he majority rule in the United States is that the executive granting of a request for extradition does not constitute a waiver of jurisdiction by the asylum state."); *Gottfried v. Cronin,* 192 Colo. 25, 30, 555 P.2d 969, 973 (1976) ("[T]he better reasoned rule, and the rule prevailing in most jurisdictions, is that a waiver of jurisdiction should be found only in circumstances where the waiver is manifestly intended."); *State ex rel. Graves v. Williams,* 99 Wis.2d 65, 76, 298 N.W.2d 392, 397 (Wis.Ct.App.1980) ("The almost universal view of the state and federal courts ... is that no waiver of jurisdiction will be found unless waiver was 'manifestly intended' by the demanding state at the time it yielded to another sovereignty."). *See also Williams v. Department of Corrections,* 438 F.2d 78, 79 (9th Cir.1971) (per curiam); *Bullock v. State,* 404 F.2d 75, 76 (5th Cir.1968) (per curiam); *Simmons v. Leach,* 626 P.2d 164, 166 (Colo.1981); *State v. Parsells,* 124 N.J.Super. 144, 148–49, 305 A.2d 88, 90 (N.J.Super.Ct.App.Div.1973); *Helm v. Jago,* 50 Ohio St.2d 168, 169, 363 N.E.2d 1196, 1196 (1977) (per curiam); *Guerrieri v. Maxwell,* 174 Ohio St. 40, 44, 186 N.E.2d 614, 617 (1962) (per curiam); *State ex rel. Hood v. Purcell,* 8 Or.App. 532, 535,

494 P.2d 461, 463 (1972); *In re Roessel,* 136 Vt. 324, 328–29, 388 A.2d 835, 838 (1978).

 The majority rule is grounded in part on the nonwaiver provision of the UCEA. That provision intended that no waiver be presumed. *Schoengarth v. Bray,* 200 Colo. 288, 290, 615 P.2d 655, 656 (1980); *Gottfried,* 192 Colo. at 30, 555 P.2d at 973; *see* Iowa Code § 820.26 (1983) ("Nothing in this act shall be deemed to constitute a waiver ....."). Further, although the State has a constitutional right to extradite, *see* U.S.Const. art. IV, § 2, cl. 2, comity underlies the actual implementation of that right. *White,* 131 Ariz. at 230, 639 P.2d at 1055; *see Guerrieri,* 174 Ohio St. at 43, 186 N.E.2d at 616; *In re Roessel,* 136 Vt. at 329, 388 A.2d at 839; *Graves,* 99 Wis.2d at 71–72, 298 N.W.2d at 395. Cooperation in the apprehension of accused criminals to face the demands of justice in the several states would not be furthered by presuming a waiver of jurisdiction through extradition. *Graves,* 99 Wis.2d at 71–72, 298 N.W.2d at 395. If waiver is presumed, states would be motivated to hold the accused for the duration of his or her sentence before surrendering the accused to the demanding state. That action would frustrate both the accused person's right to a speedy trial in the demanding state and the rights of the public to have criminals brought to justice. *White,* 131 Ariz. at 231, 639 P.2d at 1056; *Graves,* 99 Wis.2d at 72, 298 N.W.2d at 395.

The UCEA states:

The provisions of this chapter shall be so interpreted and construed as to effectuate its general purposes to make uniform the law of those states which enact it.

Iowa Code § 820.28 (1983). "To make uniform the law," we elect to follow the rule in the majority of states: Extradition does not constitute a waiver of jurisdiction unless a state manifestly intends to waive. Here the district court found the State had no manifest intent to waive. Consequently, Iowa retained jurisdiction to impose sentence on petitioner. We affirm the district court's denial of postconviction relief.

AFFIRMED.