ANTHONY RUSSILLO, PETITIONER–APPELLANT v. WILLIAM FAUVER, COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF NEW JERSEY; LOUIS NICKOLOPOULOS, CHAIRMAN, BOARD OF PAROLE, STATE OF NEW JERSEY; AND NICHOLAS MELFI, CLASSIFICATION OFFICER; INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 19, 1988—Decided May 26, 1988.

Before Judges GAYNOR and A.M. STEIN.

*Anthony Russillo,* appellant, pro se.

*W. Cary Edwards,* Attorney General, attorney for respondent (*Stuart J. Lieberman,* Deputy Attorney General, on the letter brief).

The opinion of the court was delivered by

A.M. STEIN, J.S.C., temporarily assigned.

Petitioner appeals from the final action of the Department of Corrections fixing his parole date as May 11, 1986. He contends that his alleged "involuntary" delivery by this State to

federal authorities for prosecution triggered the commencement of service of his New Jersey prison sentence. We disagree and affirm the action of the Department.

On February 9, 1983, petitioner was sentenced in Passaic County to a five-year term of imprisonment, following his conviction for theft by deception (*N.J.S.A.* 2C:20–4).

Thereafter, petitioner was again convicted of theft by deception, this time in Atlantic County. On August 19, 1983, he received a five-year sentence, to be served consecutively to the Passaic County sentence. Sentence was stayed until August 24, 1983, to permit defendant an opportunity to obtain bail pending appeal. Petitioner failed to surrender himself on August 24 and a bench warrant was issued for his arrest.

On January 14, 1984, petitioner was taken into custody on the Atlantic County bench warrant by police officers from Roxbury Township in Morris County. After several hours in custody, he was transported by federal authorities to the Manhattan Detention Center in New York City, pending trial on outstanding federal bank robbery charges. Thereafter, he entered a plea of guilty to bank larceny in the United States District Court for New Jersey. On June 18, 1984, he was sentenced to a seven-year federal prison term.

On July 13, 1984, petitioner was sentenced in Somerset County on another theft by deception charge, this time to a five-year term of imprisonment, with a two-and-one-half-year parole disqualifier. This sentence was run concurrently with his seven-year federal prison term.

On May 13, 1986, petitioner was paroled from federal custody. He was then transferred to Passaic County pursuant to a detainer which had been lodged with the federal authorities. He was thereafter transferred to Southern State Correctional Facility, to commence service of his New Jersey prison term.

By letter dated April 6, 1987, the New Jersey State Parole Board advised petitioner that he was not yet eligible for parole consideration, because the Department of Corrections had cal-

culated his parole eligibility date as April 30, 1988. This was based upon the Department's determination that service of his New Jersey prison sentences commenced on May 11, 1986, the date of his return to New Jersey following completion of his federal prison obligation. The Department confirmed this determination in a letter to petitioner dated May 14, 1987.

Petitioner contends that he was released to federal authorities in January 1984 without his consent, and that New Jersey had no right to surrender him to federal custody. He asserts that this alleged improper transfer from state to federal custody requires that service of his state sentence commence not on May 7, 1986, but on January 11, 1984, the date of that transfer. He is incorrect.

The temporary relinquishment of a prisoner awaiting commencement of or actually serving a sentence is a matter of comity between jurisdictions. It does not violate the prisoner's constitutional or statutory rights. *State v. Williams,* 92 *N.J. Super.* 560, 563 (App.Div.1966); *State v. Parsells,* 124 *N.J.Super.* 144, 148–149 (App.Div.1973), certif. den. 63 *N.J.* 562 (1973).

As we stated in *Williams,* 92 *N.J.Super.* at 563:

... Inasmuch as it is impossible for a person to be in two places at the same time, where one owes penalties to two separate sovereigns, one sovereign must relinquish its claim and allow the other to exact its penalty first. Such relinquishment does not constitute a waiver of punishment but rather a mere delay in its execution. The order of punishment is a matter to be decided between the sovereigns—it is a matter of comity between them, and the decision arrived at is one over which the convict has no control. [Citations omitted.]

Cases in other jurisdictions are in accord. *Commonwealth v. Haas,* 428 *Pa.* 167, 178, 236 *A.*2d 810, 816 (Sup.Ct.1968); *Guerrieri v. Maxwell,* 174 *Ohio St.* 40, 44–46, 186 *N.E.*2d 614, 616–618 (Sup.Ct.1962), in which the Ohio Supreme Court stated:

Therefore, where one has placed himself in the position of being wanted at the same time by two different sovereigns for the violation of penal statutes of both, it is a matter for the sovereigns to determine which shall first exact punishment from the offender, and not the offender. Under such circumstances it is the interested sovereigns who make the determination and the offender cannot complain of the order of his trials or punishment for such offenses....

Petitioner has had full and complete due process of the law. He was properly indicted by a valid indictment, represented by counsel and tried and convicted by a jury. He has exhausted his state remedies of appeal. More he is not guaranteed by the Constitution. He is seeking in this action to circumvent his conviction and escape the penalty of his crime by attempting to use as a shield the subsequent action of the federal government of interposing its penalty before that of the state. This he cannot do. He owed a debt to two different sovereigns. Under our law these debts must be paid, and it is not up to the accused to determine in what order they should be paid.

The order of the Department of Corrections, fixing petitioner's parole date at May 11, 1986, is affirmed.