[Crim. No. 9224. In Bank. Mar. 17, 1966.]

In re GEORGE F. PATTERSON on Habeas Corpus.

George F. Patterson, in pro. per., and Saul M. Weingarten, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Respondent.

MOSK, J.—In this habeas corpus proceeding petitioner requests us to order his unconditional release from custody on the ground that the trial courts which convicted him did not have jurisdiction over his person. Alternatively, he asserts the right to be transferred to the custody of the State of Texas in order to serve his California sentences and a prior Texas sentence concurrently. We have concluded that the convictions were valid but that petitioner should be released to the appropriate Texas authorities.

In January 1962 petitioner was convicted of robbery in Huntsville, Texas, and sentenced to a term of five years. He was released on parole in February 1963, and sometime during that year he came to California, apparently in violation of the conditions of his parole. In November 1963 petitioner was convicted in the Los Angeles Superior Court on two counts of second degree burglary. (Pen. Code, § 459.) The judgment declared that the sentences on the two counts were to run consecutively to each other, but failed to indicate whether or not

they were to be consecutive in relation to any unexecuted prior sentences. In January 1964 he was convicted on two additional counts of second degree burglary in the Riverside Superior Court; the judgment provided that the sentences imposed were to be served concurrently with each other and with any uncompleted prior sentences. At the present time he is confined in the California Correctional Training Facility at Soledad subject to a detainer placed on him by Texas.

Petitioner contends that the California courts did not have jurisdiction to try him because he was then under the supervision of Texas parole authorities. He urges that parole constitutes constructive custody and that no other state may obtain jurisdiction until this custody is terminated. At the time of both his trials in California, petitioner was present in the courtroom and was in the physical custody of California authorities. ██ The actual presence of an individual in the courtroom is the most widely recognized basis for jurisdiction of a court. Indeed, it has been held that even one who is brought into a state illegally may not challenge the jurisdiction of its courts upon that ground. (See *Frisbie* v. *Collins* (1952) 342 U.S. 519 [72 S.Ct. 509, 96 L.Ed. 541].) ██ In the present case, since petitioner entered this state of his own volition while free on parole, it is clear that he was deprived of no constitutional right when he became subject to its laws and to the jurisdiction of its courts. The crossing of a state border does not empower an individual to commit crimes with impunity in the state which he enters. (Cf. *Lascelles* v. *Georgia* (1893) 148 U.S. 537, 542 [13 S.Ct. 687, 37 L.Ed. 549].)

It is claimed that the assumption of jurisdiction by California improperly infringed upon the powers of the State of Texas since that state had constructive custody over petitioner at the time of his California trials. A similar contention was raised in *Strand* v. *Schmittroth* (9th Cir. 1957) 251 F.2d 590, but after careful consideration it was rejected. The petitioner in that case had been convicted of a federal crime; while free on probation he was arrested and charged with a felony in state court. He claimed that because he was serving his federal probationary sentence, he was within the exclusive jurisdiction of the federal government and was immune from state prosecution. The court determined that the theory of exclusive jurisdiction was based upon a misinterpretation of earlier cases which had held that one sovereign could not compel another sovereign to surrender a prisoner whom it held in physical

custody. These earlier cases had not relied upon the proposition that jurisdiction is exclusive but instead upon the conclusion that, for reasons of comity, a sovereign having physical custody over a prisoner should be permitted to execute its authority without interference.

Different considerations are relevant if, as in the case at hand, the offender is merely in the constructive custody of one state but is physically within a second state. In such circumstances, the assumption of jurisdiction by the second state does not constitute any serious infringement upon the powers of the first state. On the contrary, it is the second state which could justly claim an infringement of its sovereign powers if not permitted to arrest and try one who has committed a crime within its borders. Thus, the very principles of comity which preclude one state from requiring another to surrender physical custody of a prisoner, compel the conclusion that a state is not prevented from assuming jurisdiction over a person found within its borders by the fact that the person is in the *constructive* custody of another state or of the federal government. (*Strand* v. *Schmittroth, supra,* at pp. 598-599; *United States* ex rel. *Brewer* v. *Maroney* (3d Cir. 1963) 315 F.2d 687, 688; *Krupnick* v. *United States* (8th Cir. 1961) 286 F.2d 45, 46; *Stewart* v. *United States* (10th Cir. 1959) ; 267 F. 2d 378, 381; cf. *United States* ex rel. *Moses* v. *Kipp* (7th Cir. 1956) 232 F.2d 147.)

In the case of *In re Marzec* (1945) 25 Cal.2d 794 [154 P.2d 873], this court apparently assumed that jurisdiction is not exclusive, although the issue was not explicitly discussed. *In re Altstatt* (1964) 227 Cal.App.2d 305, 308 [38 Cal.Rptr. 616], held that it should be presumed the sovereign first obtaining jurisdiction over the offender has consented to the assumption of jurisdiction by the second sovereign. The result reached in these cases is sound. Certainly no interest of the State of Texas would be served by treating petitioner's parole as a license to commit crimes in other states without fear of punishment. Therefore, we hold that petitioner was within the jurisdiction of the California courts that tried him.

Although petitioner is not entitled to his unconditional release, the parties agree that he is entitled to be transferred to a Texas penal institution in order that he may serve his California sentences concurrently with the Texas sentence previously imposed. Penal Code section 669 provides in effect that when any person has been convicted of two or more crimes, whether in the same court or different courts, the last sentence

shall be served concurrently with the prior sentences unless the trial judge determines within a specified period of time that it shall run consecutively. *In re Stoliker* (1957) 49 Cal. 2d 75 [315 P.2d 12], held that the provisions of this section apply to cases in which the prior conviction was imposed by a federal court, and ordered that the petitioner be transferred to the custody of federal authorities since the latter would not credit him with the time served in state institutions. The statute also applies to cases in which the prior conviction was in the court of another state. (*People* v. *Massey* (1961) 196 Cal. App.2d 230, 237-238 [16 Cal.Rptr. 402].) ■ The judgment of the Riverside Superior Court specified that the sentences imposed were to run concurrently with any unexecuted prior sentences. The judgment of the Los Angeles Superior Court failed to specify whether the sentences were to run concurrently with or consecutive to prior sentences. Therefore, pursuant to section 669, they are deemed to be concurrent. Precedent indicates that Texas will not credit petitioner with the time served in California institutions (*Ex parte Spears* (1950) 154 Tex. Crim. Rep. 112; see *Ex parte Johnston* (1958) 166 Tex. Crim. Rep. 108, 110-111), and, therefore, Penal Code section 669 requires that he be transferred.

■ The sole purpose of transferring defendant to Texas is to permit him to serve his sentences concurrently. If at the time of his release by Texas a portion of the California sentence remains to be served, he should be returned to this state. The 1917 case of *In re Whittington*, 34 Cal.App. 344 [167 P. 404], held that a person could not be compelled to return to a state which had surrendered custody over him at some previous time, upon the theory that in agreeing to the transfer the state had impliedly waived its jurisdiction over him. (Accord, *Jones* v. *Rayborn* (Ky. 1961) 346 S.W.2d 743; *People* v. *Bartley* (1943) 383 Ill. 437 [50 N.Ed.2d 517, 147 A.L.R. 935].) However, *In re Whittington* has been criticized (*In re Fedder* (1956) 143 Cal.App.2d 103, 111 [299 P.2d 881]) and the automatic rule of implied waiver has been rejected in other jurisdictions, including Texas (*Ex parte Guinn* (1955) 162 Tex. Crim. Rep. 293 [284 S.W.2d 721]; *United States* ex rel. *Moses* v. *Kipp* (7th Cir. 1956) *supra*, 232 F.2d 147).

There may be cases in which a state intends to waive further jurisdiction over a prisoner whom it transfers to another state, but it appears that these cases are in the minority. The suggestion in *Whittington* that the courts should presume jurisdiction has been waived in all cases in which an offender

has been transferred is contrary to Penal Code section 1555.2, which provides that no transfer shall be deemed a waiver of jurisdiction. The rule preserves no legitimate right of the person held in custody and may deprive him of his right to a speedy trial, for the state first taking him into custody will in all probability be unwilling to transfer him temporarily for the purpose of trial in another state if this accommodation will be interpreted as a waiver of further jurisdiction over him. (See *United States* ex rel. *Moses* v. *Kipp* (7th Cir. 1956) *supra*, 232 F.2d 147, 149-150.) ▮ Therefore, we have concluded that a waiver of jurisdiction should be found only in those cases in which the record contains affirmative evidence that the waiver was intentional. A transfer in the present case would manifest no such intent. The language in *In re Whittington* that jurisdiction is automatically waived when a prisoner is transferred to another state is disapproved.

The Attorney General proposes that petitioner's transfer to Texas be conditioned upon his waiver in advance of the right to demand extradition proceedings at the time of his possible return to California. ▮ The procedure for obtaining a waiver of extradition is prescribed in section 25-A of the Uniform Criminal Extradition Act, which states that any person may waive extradition ''by executing or subscribing in the presence of a judge of any court of record *within this state* a writing which states that he consents to return to the demanding state. . . .'' (Italics added.) This section has been enacted in substance by both California and Texas. (Cal. Pen. Code, § 1555.1; Tex. Code Crim. Proc., art. 1008a, § 25-A.) Thus it appears that the waiver must be executed before a judge in the asylum state and that a waiver executed prior to petitioner's transfer to Texas would be of no effect under the law of either state. The last sentence of the section provides that the procedures therein described are not to be deemed exclusive. Therefore, if some other statute provided an alternative procedure permitting an advance waiver, it would be controlling. However, we have found no other statute applicable to the facts of this case,[1] and thus the procedure is governed by the provisions of section 1555.1.

There may be some question whether petitioner would be

---

[1] Penal Code section 11177 provides that persons released on parole may be returned to this state at any time and may be required to execute a waiver of extradition. However, petitioner is not claiming the right to be released on parole; hence this section is inapplicable to the present case.

classified as a fugitive from justice at the time of his return to California. However, it is unnecessary to decide this issue since the powers of extradition granted to the states by the federal Constitution are not exclusive. The Uniform Criminal Extradition Act properly provides for the rendition of persons whose conduct has not brought them within the provisions of article IV, section 2, of the federal Constitution. (*New York* v. *O'Neill* (1959) 359 U.S. 1, 10 [79 S.Ct. 564, 3 L.Ed.2d 585].) Petitioner's return to California clearly would be governed by the uniform act, which provides that the governor of an asylum state may surrender a person to a demanding state even though he left the demanding state involuntarily. (Cal. Pen. Code, § 1549; Tex. Code Crim. Proc., art. 1008a, § 5; *Ex parte Guinn* (1955) *supra,* 162 Tex. Crim. Rep. 293, 294-295.)

Even if an advance waiver were permitted by Penal Code section 1555.1, we would still have grave doubts whether petitioner could be required to execute such a waiver in order to secure the benefits of Penal Code section 669. An administrative agency may not exact a condition for the performance of a duty which the law makes unconditional. The wording of section 669 is unconditional; unless the trial court provides otherwise, defendant has the right to serve his sentences concurrently. Nothing in section 669 or in *In re Stoliker* (1957) *supra,* 49 Cal.2d 75, suggests that the transfer of petitioner is a matter of judicial or administrative discretion. In the absence of any indication that the Legislature so intended, this court should not condition its enforcement of Penal Code section 669 upon defendant's waiver of other rights created by the laws of California and Texas.

In view of our conclusion that no statute permits the conditioning of petitioner's transfer to Texas upon his prior execution of a waiver of extradition, it is unnecessary to consider his further contention that the imposition of such a condition would be unconstitutional.

The writ of habeas corpus is granted for the purpose of transferring petitioner to the custody of an authorized representative of the State of Texas, in order that he may serve any incompleted sentences previously imposed by that state. It is ordered that the Director of Corrections notify the appropriate authorities of the State of Texas that they may take custody of petitioner, and if custody is so taken, that the Director of Corrections designate a penal institution of that state as the place of confinement for the purpose of execution of the Cali-

fornia judgments of conviction. It is further ordered that if, after notification, the authorities of the State of Texas decline to take custody of petitioner, or if they consent to credit petitioner with time served in California penal institutions in execution of his prior Texas sentence, this order be deemed to have been fully executed. In all other respects the writ is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.