**Fletcher R. WILLIAMS, Petitioner-Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent-Appellee.**

**No. 24916.**

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1971.

Fletcher R. Williams in pro. per.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant petitioned for a writ of habeas corpus. He contended that California State sentences, ordered to run concurrently with federal sentences, require the removal of a detainer placed by the State of California against appellant, now in federal custody. The district court denied relief. We affirm.

We reach the merits without considering possible procedural infirmities, which might likewise call for an affirmance. In Re Patterson (1966) 64 Cal.2d 357, 362, 49 Cal.Rptr. 801, 804, 411 P.2d 897, 900, disposes of the case. The court said:

> "The sole purpose of transferring defendant to Texas in to permit him to serve his sentences concurrently. If at the time of his release by Texas a portion of the California sentence remains to be served, he should be returned to this state * * * *  "

The court concluded that waiver of jurisdiction should be found only in those cases in which the record reflects "affirmative evidence that the waiver was intentional." p. 363, 49 Cal.Rptr. p. 804, 411 P.2d p. 900. Here no such affirmative evidence appears.

Thus, the California detainer is valid. If, on appellant's release from federal custody, where he is now serving both federal and state sentences, time remains unserved on the California sentences, he may properly be returned to California custody. Federal law is in accord, Bullock v. State of Mississippi (5 Cir. 1968) 404 F.2d 75.

The district court's denial of relief was correct even though the court inadvertently referred to the California state sentences as being *consecutive* to the federal sentences.

Judgment affirmed.