**Charles Dewayne GACHES, Sr.,
# 22344–149, Petitioner,**

v.

**THIRD JUDICIAL DISTRICT IN AND FOR SALT LAKE COUNTY, the STATE OF UTAH, Honorable Judge Jay E. Banks, et al., Respondents.**

**No. CIV–75–0966–D.**

United States District Court,
W. D. Oklahoma.

March 15, 1976.

Charles Dewayne Gaches pro se.

David L. Russell, U. S. Atty., by Drew Neville, Asst. U. S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by the above-named petitioner, a federal prisoner at the Federal Reformatory, El Reno, Oklahoma, in the Western Judicial District of Oklahoma. In his Petition he attacks the validity of a detainer lodged by the State of Utah with the respondent, Irl E. Day, Warden at the Federal Reformatory and claims that the allegedly invalid detainer is adversely affecting the conditions of his present confinement. In his Petition the petitioner alleged that the detainer was invalid because the State of Utah had lost jurisdiction to execute its sentence. In his Traverse he alleges that the detainer was invalid because the State of Utah had denied him a speedy trial. They are equally without merit.

The dispositive facts contained in his Petition are that he made a counseled plea of guilty on January 23, 1974, before a judge of the Third Judicial District of the State of Utah to a charge of uttering a forged deed in the third degree. On February 19, 1974, the judge imposed an indeterminate sentence of zero to five years but withheld execution of said sentence for a period not to exceed 90 days and remanded petitioner to the custody of the Department of Corrections of the State of Utah for diagnosis and observation for a period of not to exceed 90 days. Thereafter, he was confined in the Utah State Penitentiary from February 21, 1974 to April 2, 1974 and then transferred to the Salt Lake Community Corrections Center in Salt Lake City, Utah. He was released from the Center on June 20, 1974. After several prior continuances the petitioner appeared before the judge for final action on his sentence July 20, 1974 and the matter was again continued until August 19, 1974.

The petitioner did not return on August 19, 1974 after moving to Asher, Oklahoma, allegedly with the knowledge and permission of his probation officer. The apparent basis for his claim of loss of jurisdiction is that:

"The State of Utah did not seek the petitioner knowing his place of residence and his place of employment."

A waiver of jurisdiction may be found only in those cases in which the record reflects affirmative evidence that the waiver was intentional. *Williams v. Department of Corrections*, 438 F.2d 78 (CA9 1971). For a federal prisoner attacking a State detainer on the principle of waiver, ". . . it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's inaction must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Piper v. Estelle*, 485 F.2d 245, 246 (CA5 1973). No such showing is made here. The State of Utah did not surrender the petitioner to the United States. The Utah court obviously contemplated that the petitioner would return for final sentencing on August 19, 1974. The petitioner was in court and knew of the date for his next court appearance. He does not allege that anyone told him he did not have to return on that date. It is ridiculous to suggest that the State of Utah lost jurisdiction because it did not come after him shortly after his failure to appear. See *Piper v. Estelle*, supra. The detainer apparently

was lodged as soon as the Utah authorities learned that the petitioner was in federal custody.

The petitioner waived any speedy trial complaint relating to delay prior to his conviction by his plea of guilty. *Conroy v. United States*, 296 F.Supp. 693 (N.D.Okl. 1969). *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) relied upon by the petitioner is clearly distinguishable for in that case the petitioner had not been found guilty of the State charge. Likewise, his reliance upon the Interstate Agreement on Detainers is misplaced, for it applies only to detainers the basis of which is any untried indictment or information or complaint. Public Law 91–538, Sections 1 through 8, December 9, 1970, 84 Statutes 1397–1403, 18 U.S.C. App.

Since the petitioner has alleged no facts which would invalidate the Utah detainer the mere fact that its presence may affect the present conditions of his detention does not entitle the petitioner for relief. See *Carson v. Executive Director, Department of Parole*, 292 F.2d 468 (CA10 1961).

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.