## No. 79SA355

## William B. Schoengarth v. Harold Bray, Sheriff of Jefferson County

(615 P.2d 655)

Decided July 28, 1980.                    Rehearing denied September 15, 1980.

J. Gregory Walta, State Public Defender, Robert Breindel, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, John Daniel Dailey, Assistant Attorney General, for respondent-appellee.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

Appellant William Schoengarth appeals the denial of habeas corpus relief in connection with extradition proceedings initiated by Texas. The trial court discharged the writ and ordered Schoengarth extradited. We affirm the judgment.

On July 23, 1976, while on parole from a federal sentence, appellant was arrested and charged with second-degree forgery in a Texas state court. He remained incarcerated for sixteen months awaiting disposition of the Texas charge. On October 4, 1977, he pled guilty to the charge and was sentenced to a term of not less than two nor more than 10 years. His federal parole having been previously revoked, the Texas court made the state sentence concurrent with the remainder of his four-year federal sentence, and granted the appellant credit on the state sentence for all presentence confinement since July 23, 1976. The sentence expressly provided that the appellant was to be released to the custody of the federal authorities to complete the federal sentence, subject, however, to the Texas detainer. Upon completion of the federal sentence he was to be returned to the Texas Department of Corrections to serve the remainder of the state sentence.

On October 27, 1977, the appellant was transferred to the federal authorities and served out the balance of his federal sentence in various correctional institutions, the last of which was the correctional facility at Englewood, Colorado. On January 9, 1978, Texas lodged a detainer against the appellant at the Englewood institution. On March 9, 1979, the appellant was discharged from federal custody, having completed his federal sentence. However, he was not held by the federal authorities on the Texas detainer.

Approximately one week after his discharge on the federal sentence, the appellant was arrested in Jefferson County, Colorado, as a fugitive from the state of Texas. On April 11, 1979, the Governor of Texas forwarded requisition documents requesting the appellant's return to Texas

for completion of his sentence. On April 27, 1979, the Governor of Colorado issued his warrant for the arrest of appellant. Upon his arrest the appellant unsuccessfully sought habeas corpus relief.

Appellant contends on this appeal that Texas waived its right to extradition by not making a timely effort to reassert custody over him upon his discharge from the federal sentence. We disagree.

■ The right of a state to demand the return of a convicted offender emanates from the United States Constitution, *U.S. Const.* Art. IV, § 2(2), and the Uniform Criminal Extradition Act, section 16-19-101 *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 8). A waiver of a state's right to extradite will not be presumed from a silent record. Rather, a finding of waiver requires affirmative evidence of a state's intent to waive jurisdiction over the fugitive. *See, e.g., Massey v. Wilson,* 199 Colo. 121, 605 P.2d 469 (1980); *Gottfried v. Cronin,* 192 Colo. 25, 555 P.2d 969 (1976); *In re Patterson,* 64 Cal. 2d 357, 411 P.2d 897, 49 Cal. Rptr. 801 (1966).

■ The Uniform Criminal Extradition Act contemplates that the mere transfer of custody to another jurisdiction will not be deemed a presumptive or implied waiver of jurisdiction by the demanding state. 11 Uniform Laws Annot., Crim. Law and Procedure at 295 (1974); *Gottfried v. Cronin, supra; In re Roessel,* 136 Vt. 324, 388 A.2d 835 (1978); *Commonwealth v. Haas,* 439 Pa. 39, 266 A.2d 94 (1970). Even when a state's actions indicate a lack of eager pursuit of a fugitive or an arguable lack of interest in his return, courts have been unwilling to find a waiver from that evidence alone. *E.g., Piper v. Estelle,* 485 F.2d 245 (5th Cir. 1973); *Gaches v. Third Judicial District,* 416 F.Supp. 767 (W.D. Okla. 1976).

■ In this case there is no affirmative evidence that Texas intended to waive jurisdiction over the appellant. Texas filed a detainer against the appellant while he was still serving his federal sentence in the correctional institution at Englewood, Colorado. In the absence of any affirmative evidence of waiver, appellant was not entitled to the removal of that detainer upon his release from federal custody. *E.g., Williams v. Department of Corrections,* 438 F.2d 78 (9th Cir. 1971).

Appellant argues that a waiver can be found in the failure of Texas authorities to be present upon the appellant's discharge from federal custody. This argument has no merit. There is nothing in the record indicating that Texas authorities had prior knowledge of the appellant's precise discharge date, nor does the record disclose any reason why the federal authorities did not hold the appellant on the Texas detainer. The record does show, however, that within a matter of days after his release from federal custody, Texas manifested sufficient interest in the appellant to request his arrest in Colorado on the fugitive warrant and to immediately forward to Colorado the governor's demand for his return. These actions dispel any

notion of waiver by Texas of its right to demand the return of appellant to that state.

We affirm the judgment which discharged the appellant's writ of habeas corpus and which ordered his return to the state of Texas.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON and JUSTICE DUBOFSKY do not participate.