IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## TOMMY WAYNE SIMPSON v. STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8568    E. Eugene Eblen, Judge**

_____

**No. E2000-02993-CCA-R3-CD**
**December 4, 2001**
_____

Defendant appeals from the dismissal of his petition for writ of habeas corpus. We conclude that the State of Tennessee never surrendered jurisdiction over defendant and that defendant's sentence did not expire. We accordingly affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the defendant, Tommy Wayne Simpson.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Daryl Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Tommy Wayne Simpson, appeals from the denial of a writ of habeas corpus. In his appeal, defendant insists that a writ of habeas corpus is justified because the State of Tennessee is without jurisdiction over him. We disagree.

**Facts**

Defendant Tommy Wayne Simpson is an inmate confined at Brushy Mountain Correctional Complex in Wartburg, Tennessee. On May 27, 1970, defendant was convicted of petit larceny in Lauderdale County and received a sentence of one year. While serving that sentence, defendant escaped and fled to Kentucky where he committed an armed robbery and malicious shooting. He was convicted of those crimes and began serving a twelve-year sentence in Kentucky state prison.

Defendant escaped after two months and returned to Tennessee where he committed and was convicted for armed robbery and first-degree murder. He received sentences of 15 years and 20 years and one day, respectively. Defendant was ordered to serve all of his Tennessee sentences consecutively for an effective sentence of 36 years.

In 1975, defendant again escaped from Tennessee and fled to Kentucky. While in Kentucky, defendant committed two bank robberies. After the second, he was shot and apprehended by Kentucky authorities. He was eventually transported to a hospital in Knoxville, Tennessee. In Tennessee, the Kentucky authorities turned the defendant over to federal authorities, although Knoxville City Police and Knox County Sheriff's Deputies guarded him. Upon his release from the hospital, defendant was returned to Kentucky, tried, and convicted of two bank robberies in federal court, and received an effective fifty-year sentence.

While serving his federal sentence in Terre Haute, Indiana, defendant filed for a fast and speedy trial relative to the detainer for criminal charges in Davidson County, Tennessee, regarding his 1975 escape in Tennessee. The State failed to respond to the request within the required 180 days, and the charges were ultimately dismissed. In 1989, defendant was paroled from the federal prison in North Dakota, where he was being held as a federal boarder, and returned to Kentucky to serve the balance of his twelve-year sentence on the Kentucky state charges. While in Kentucky, the Tennessee District Attorney General for the 20th Judicial District in Davidson County sent a letter to the Kentucky State Reformatory releasing any hold placed on defendant regarding charges in Davidson County. Defendant testified that the only charge pending against him in Davidson County was for an escape from incarceration, and the letter was not in reference to any other charges against him from other counties in Tennessee. In 1993, the defendant was paroled in Kentucky and extradited back to Tennessee to complete his thirty-six year sentence for armed robbery and first degree murder. On June 22, 1993, the extradition to the State of Tennessee was dismissed by the Lyon County District Court. Defendant was returned to the Kentucky Department of Corrections and served his sentence, which expired on May 14, 1997. Finally, on July 15, 1997, defendant was returned to the State of Tennessee on a fugitive warrant.

In 1999, defendant filed a petition for writ of habeas corpus in the Criminal Court for Morgan County alleging that the State of Tennessee waived jurisdiction over him when they released him to federal authorities in 1975 without requiring him to finish his thirty-six year sentence. At the habeas corpus hearing, defendant argued that although his sentence had not expired "calendar wise," the trial court could find that defendant's sentence had expired because Tennessee had released him to federal authorities without a detainer.

The State argued that the defendant received an effective sentence of thirty-six years beginning on May 27, 1970; thus, his sentence would not expire until the year 2006. The State also argued that defendant was never returned to state custody after his escape in 1975; rather, that he was apprehended by Kentucky authorities and taken to a hospital in Knoxville, Tennessee where he was turned over to federal authorities by the Kentucky authorities.

The trial court concluded that there was no basis to issue a writ of habeas corpus because the sentences did not expire and the judgments were not void. The trial court found that the State did not waive its jurisdiction over defendant. The trial court also found that defendant failed to prove that he was returned to the custody of the Tennessee Department of Correction. His petition was dismissed.

**Analysis**

Defendant asserts in his appeal that the State of Tennessee effectively waived jurisdiction over him by releasing him to federal authorities without a detainer, thus requiring him to finish his state sentence. He argues that because the State of Tennessee is without jurisdiction over him, habeas corpus relief is warranted. We disagree.

A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant or (2) to prove that a defendant's sentence has expired. State v. Ritchie, 20 S.W.2d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The appellant has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If he successfully carries the burden, the appellant is entitled to immediate release. Id. Defendant does not contest the fact that his sentence has not expired. Therefore, we address only the contention that the State is without jurisdiction over him.

In support of his original petition, defendant cited State v. Grosch, 152 S.W.2d 239 (Tenn. 1941), for the proposition that a state waives jurisdiction over a prisoner by releasing the prisoner to another state's jurisdiction for prosecution or service of a sentence. In Johns v. Bowlen, No. 03C01-9503-CR-00106, 1996 WL 310023 (Tenn. Crim. App., filed June 11, 1996, at Knoxville), a panel of this Court stated the following:

> In Grosch, the Tennessee Supreme Court held that when a fugitive from justice faces criminal charges in the asylum state, the asylum state may dispose of those charges before honoring the extradition request of the demanding state. Id. at 243. The court further held that the asylum state may nevertheless choose to immediately honor the requisition and surrender the fugitive to the demanding state. Id. at 244. This decision rests with the governor of the asylum state. Id. See Yates v. Gilless, 841 S.W.2d 332, 335 (Tenn. Crim. App. 1992) (if criminal charges are pending in Tennessee, it is solely within the governor's discretion to opt to deliver a fugitive to a demanding state immediately or to delay delivery until after the Tennessee charges are resolved). Finally, the court in Grosch observed, "such surrender will operate as a waiver of jurisdiction of the asylum state." 152 S.W.2d at 244 [quoting People v. Klinger, 319 Ill. 275, 149 N.E. 799, 42 A.L.R. 581]; State v. Bomar, 366 S.W.2d 750, 751 (Tenn.1963).

Johns, 1996 WL 310023, at * 2.

We conclude that the aforementioned statement in <u>Grosch</u> is not controlling and that defendant's reliance on <u>Grosch</u> is misplaced. <u>See</u> <u>also</u> <u>Johns</u>, 1996 WL 310023, at *2. The Extradition Clause of the United States Constitution sets forth the duty of states to extradite fugitives from justice:

> A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

U.S. Const. art. IV, § 2, cl. 2. The Extradition Clause has been implemented by a federal statute, 18 U.S.C. § 3182, and by the Uniform Criminal Extradition Act. <u>Coungeris v. Sheahan</u>, 11 F.3d 726, 728 (7th Cir. 1993) (citing <u>Michigan v. Doran</u>, 439 U.S. 282, 287-89, 99 S. Ct. 530, 534-36 (1978)). The Uniform Criminal Extradition Act, where adopted, governs state extradition proceedings, in conjunction with overriding federal law. <u>Id.</u>; <u>see</u> <u>also</u> <u>Martin v. Sams</u>, 600 F. Supp. 71, 72 (E.D. Tenn. 1984). Tennessee has adopted the uniform act, Tennessee Code Annotated section 40-9-101 to -130, which specifically provides:

> Nothing in this chapter shall be deemed to constitute a waiver by this state of its right, power or privilege to try such demanded person for crime committed within this state, or of its right, power or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state, *nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever*.

Tenn. Code Ann. § 40-9-130(a) (emphasis added). Moreover, Tennessee Code Annotated section 40-9-130(b) provides that, even when there are criminal proceedings pending against a fugitive in Tennessee, the governor may extradite the fugitive "before the conclusion of such proceedings or his term of sentence in this state" without waiving the jurisdiction of Tennessee in any way. <u>See</u> <u>Carter v. State</u>, 600 S.W.2d 750, 752-53 (Tenn. Crim. App. 1980), <u>perm</u>. <u>to</u> <u>appeal</u> <u>denied</u> (Tenn. 1980); <u>see also</u> <u>In re Extradition of Dixon</u>, 487 So. 2d 1195, 1197 (Fla. Dist. Ct. App. 1986) (under the Uniform Criminal Extradition Act, surrender of the fugitive to the demanding state does not amount to a waiver of Florida's right to exercise jurisdiction over him in the future). In other words, under the Extradition Act, the governor of this state never waives jurisdiction over the accused by entering into any extradition proceeding.

Lastly, we note a line of cases holding that the mere surrender of a prisoner to another jurisdiction does not imply a pardon, waiver, or commutation of sentence. <u>See</u> <u>Strobel v. Egeler</u>, 547 F.2d 339 (6th Cir. 1977); <u>Gaches v. Third Judicial District</u>, 416 F. Supp. 767 (W.D. Okla. 1976); <u>In re Patterson</u>, 411 P.2d 897 (Cal.1966); <u>Armpriester v. Grimes</u>, 111 S.E.2d 34 (Ga. 1959); <u>Bartlett v. Lowry</u>, 182 S.E. 850 (Ga. 1935); <u>Riddall v. Cupp</u>, 508 P.2d 457 (Or. Ct. App. 1973); <u>Bishop v. Cupp</u>, 490 P.2d 524 (Or. Ct. App. 1971); <u>Carter</u>, 600 S.W.2d at 753. These cases reveal that a waiver or pardon will not be implied unless there is affirmative evidence in the record demonstrating

such. Nothing in the record before this Court reflects an intentional waiver or abandonment of interest in defendant by the State of Tennessee.

Defendant points to a line of cases from our Sixth Circuit Court of Appeals and asserts that they stand for the proposition that when a state voluntarily relinquishes custody of a person while that person is serving a sentence, the state cannot reacquire the person to complete the sentence. See Helm v. Jago, 588 F.2d 1180 (6thCir. 1979); Himes v. Ohio Adult Parole Auth., 448 F.2d 410 (6th Cir. 1971). We do not read the cases this way. In fact, the court in Helm specifically concluded that Ohio state law was dispositive of the issue in that case as it stated that "the release of an accused by one sovereignty to another, so that the receiving sovereignty may enforce its criminal laws against him, does not constitute a waiver of jurisdiction over the accused." Id. at 1181. Relying on the Tennessee cases cited above, we conclude that the law in Tennessee is not favorable to defendant and that there was no waiver of jurisdiction over defendant when federal authorities took custody of him in 1975. Furthermore, we conclude that the letter from the Davidson County District Attorney General in 1989 was only in regard to defendant's escape from Davidson County and did not effect an affirmative waiver of the state's jurisdiction over defendant regarding the other charges for which defendant is incarcerated.

## CONCLUSION

We conclude the State of Tennessee was neither without jurisdiction over defendant, nor that it ever surrendered jurisdiction. Accordingly, we affirm the trial court's denial of the writ of habeas corpus.

_____
JOHN EVERETT WILLIAMS, JUDGE