**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD PAUL SHAUGHNESSY,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 05-1140

(D. Colorado)

(D.C. No. 00-S-1379 (OES))

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Edward Paul Shaughnessy has filed a habeas application under 28 U.S.C.
§ 2241 contending that the federal government lost jurisdiction over him when he
was transferred to the State of Colorado for prosecution after he began serving a
federal sentence. He is currently serving a state sentence in Colorado. Upon

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

completion of that sentence he is to be returned to federal custody to complete his federal sentence. The district court ruled, based on our opinion in *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), that federal jurisdiction was not lost but that Mr. Shaughnessy must be given credit toward his federal sentence for the time in Colorado custody. We agree and affirm for substantially the same reasons given by the district court.

## I.

Edward Shaughnessy was arrested by Wyoming authorities on September 26, 1998. The arrest was on a warrant issued by a Colorado state court for failure to appear in court on drug charges. While effecting that arrest Wyoming authorities discovered evidence of other crimes. Mr. Shaughnessy was subsequently prosecuted in federal court in Wyoming for possession with intent to distribute methamphetamine.

Mr. Shaughnessy pleaded guilty in federal district court and was sentenced on April 1, 1999, to 151 months in a federal prison. He arrived at the United States Penitentiary in Lompoc, California, on June 4, 1999. After his arrival the Bureau of Prisons (BOP) received detaining documents from the State of Colorado. Mr. Shaughnessy was removed from Lompoc on October 6, 1999, and turned over to Colorado authorities shortly thereafter. On October 13, 1999, federal authorities filed a detainer against Mr. Shaughnessy requesting his return

to federal custody upon release from state custody. A month later he pleaded guilty to the Colorado charges and was sentenced to nine years in prison. Mr. Shaughnessy states that he is scheduled to be released from state prison in March 2006 and argues that he cannot be returned to finish out his federal sentence because federal jurisdiction was lost by his release to state custody.

## II.

A federal sentence must generally be served continuously "'unless interrupted by . . . some fault of the prisoner, and he cannot be required to serve it in installments.'" *Weekes*, 301 F.3d at 1179, quoting *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930). Mr. Shaughnessy's sentence began when he was committed to BOP custody and was interrupted, through no fault of his own, when he was sent back to Colorado. In *Weekes* we determined that under such circumstances the defendant "must be given federal credit for time served since . . . the date his federal sentence actually commenced." *Weekes*, 301 F.3d at 1181. The district court was therefore correct to conclude that the time Mr. Shaughnessy has spent in Colorado must be credited toward his federal sentence, and the government concedes the point. *But cf. Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) (when a prisoner is sentenced in federal court but turned over to state authorities *before* being committed to a federal facility, "the Federal sentence does not begin to run until such time as the prisoner is

returned to Federal custody and received at the Federal penal institution for service of his Federal sentence").

Mr. Shaughnessy's argument goes further, however. First, he argues that federal jurisdiction was lost when he was transferred to Colorado. One of the four cases he cites supports his argument. In *Barrett v. Bartley*, 50 N.E. 2d 517, 521 (Ill. 1943), the court held that "a prisoner cannot be handed from one jurisdiction to another for the purpose of trial, conviction and service of a new sentence, before being returned to the asylum State for service of the unexpired sentence, without violating his constitutional rights." Two others, however, have been overruled. *Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961) *overruled by*, *Commonwealth v. Hale*, 96 S.W.3d 24, 37 (Ky. 2003) ("forfeiture rule" rejected as being the product of "judicial fiat" and having no basis in law); *In re Whittington*, 167 P.2d 404 (Cal. App. 1917) *overruled by In re Patterson*, 411 P.2d 897, 900 (Cal. 1966) ("The language in *In re Whittington* that jurisdiction is automatically waived when a prisoner is transferred to another state is disapproved."). And the fourth relies on state law for its result. *Jones v. Morrow*, 121 P.2d 219 (Kan. 1942) (executive order releasing prisoner from state prison to serve federal sentence operated as a commutation of the sentence).

In any event, Mr. Shaughnessy's authority is contrary to our case law. We have held, "If the prisoner has violated the law of both sovereigns, he is subject to

prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him." *Hayward*, 246 F.2d at 57. Thus, "[a]fter sentencing by a federal court, a prisoner may be held . . . for trial in a state court, without the federal court's losing jurisdiction of him . . . ." *United States v. Croft*, 450 F.2d 1094, 1098 (6th Cir. 1971). Indeed, Mr. Shaughnessy's contention is inconsistent with our holding in *Weekes*, in which a prisoner who had been released from Lompoc to serve a state sentence was returned to federal custody. *Weekes*, 301 F.3d at 1177-78.

Of course, a sovereign may decide to waive jurisdiction, just as it may choose not to prosecute, but whether it has done so is a question of its intent. In this case it is clear that when the BOP turned Mr. Shaughnessy over to Colorado for prosecution on state charges, the federal government did not intend to waive jurisdiction to require him to complete his federal sentence. On the contrary, a detainer was filed with state authorities promptly after Mr. Shaughnessy was released from federal custody. Intent to retain jurisdiction is suggested, not undercut, by the BOP's (mistaken) belief that Mr. Shaughnessy's federal sentence could simply be interrupted and recommenced upon release from state custody.

Mr. Shaughnessy has two remaining arguments. First, he argues that the transfer from federal custody to state custody violated his due process rights. Second, he argues that returning him to finish his federal sentence after

completion of his state sentence would violate his right to be free from double jeopardy. But Mr. Shaughnessy concedes that if his federal sentence continued to run when he was transferred to Colorado authorities, these arguments are without merit. And these arguments, too, are inconsistent with *Weekes*.

We AFFIRM the ruling of the district court granting in part and denying in part Mr. Shaughnessy's habeas petition under § 2241.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge