Filed 12/10/13  P. v. Kerestesy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XAVIER ALEXANDER KERESTESY,<br><br>    Defendant and Appellant. | C072756<br><br>(Super. Ct. No. NCR81252) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On June 4, 2007, the victim reported that defendant Xavier Alexander Kerestesy sexually abused her three years earlier when she was nine or 10 years of age.  One incident occurred in the victim's home.  Defendant pulled down her pants and tried to insert his penis into her vagina.  The second incident occurred in an orchard.  Defendant put his penis in her vagina.

Defendant entered a negotiated plea of guilty to two counts of lewd conduct with a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and admitted that the

1

prosecution was commenced prior to the victim's 28th birthday (Pen. Code, § 801.1, subd. (a)) in exchange for a stipulated sentence of five years (the low term of three years for count I and one-third the midterm, or two years, for count II).

The court sentenced defendant accordingly. The court denied defendant's request that his sentence run concurrently with the sentence he was serving on Oregon convictions.

Defendant appeals. He did not seek a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief. Defendant attaches several documents to his supplemental brief. With respect to the documents that he represents are from Oregon and the Department of Corrections and Rehabilitation (DCR), none of these documents appear in the record on appeal filed in the case before this court, and defendant has not asked us to take judicial notice of these documents. Defendant did not submit the documents to the trial court. " 'Reviewing courts generally do not take judicial notice of evidence not presented to the trial court' absent exceptional circumstances. [Citation.] 'It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered. [Citation.] This rule preserves an orderly system of [litigation] by preventing litigants from circumventing the normal sequence of litigation.' [Citation.] No exceptional circumstances appear that would justify deviating from this general rule in the present case, particularly in the absence of a request for judicial notice by [defendant]. [Citation.] Moreover, to take judicial notice of

2

additional records at this stage of the litigation would deprive the [People] of any opportunity to respond, either by offering additional evidence or by tailoring their arguments to address these new facts. Therefore, we rely solely upon the evidence that was presented to and considered by the trial court." (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2; see also Cal. Rules of Court, rule 8.204 (a)(2)(C) & (e)(2)(C).)

Defendant contends his Oregon attorney rendered ineffective assistance of counsel by failing to submit a copy of a psychosexual evaluation to Tehama County in order to reach a global resolution of the Oregon charges and the Tehama County charges. We have no jurisdiction to consider the Oregon case or the performance of counsel who represented defendant in Oregon.

Defendant raises several issues related to his plea and the proceedings prior to the sentencing hearing. "[A] guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . . [¶] A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. [Citation.] Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. [Citation.] In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.' " (*People v. Turner* (1985) 171 Cal.App.3d 116, 125-126 (*Turner*).) "[W]hen the grounds relate to the legality of the

3

proceedings but do not challenge the guilt of the defendant or the prosecutor's ability to convict him, those grounds may be urged on appeal under a certificate of probable cause." (*Id*. at p. 127.)

Here, defendant claims his waiver of his speedy trial request was made under duress. A defendant's speedy trial claim necessitates an assessment of the underlying facts, but a guilty plea admits the elements of the offense so his claim is not cognizable on appeal. (*Turner*, *supra*, 171 Cal.App.3d at p. 128.)

Defendant argues that when he entered his plea, he was erroneously advised that the mandatory parole period is three years. He explains that he received notification from DCR that his parole term is five years for his offense. Defendant is attacking the validity of his plea, which he cannot do absent a certificate of probable cause. (*Turner*, *supra*, 171 Cal.App.3d at pp. 127-128, fn. 8.) In any event, assuming without considering whether the parole term changed subsequent to his plea, defendant's "plea bargain is 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .' [Citation.] The plea bargain 'vest[ed] no rights other than those which relate[d] to the immediate disposition of the case.' [Citation.]" (*People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070, cited with approval in *Doe v. Harris* (2013) 57 Cal.4th 64.)

Defendant claims defense counsel rendered ineffective assistance in that counsel advised him that his sentence would run concurrently with his Oregon sentence, that he would receive custody credit for time served once the county received his fast and speedy trial request, and that he had a three-year parole term. Defendant complains counsel advised that he did not have grounds to withdraw his plea but counsel would address the issue at sentencing. By raising the foregoing issues, defendant is attacking the validity of his plea, which he cannot do without a certificate of probable cause. (*Turner*, *supra*, 171 Cal.App.3d at pp. 127-128, fn. 8.)

4

Defendant complains counsel waived the breakdown of the fines and fees without consulting him and that the trial court imposed all recommended fines and fees without a finding of his ability to pay and without counsel's objection. The fines, fees, and assessments were set forth in the probation report. The record does not reflect counsel consulted with defendant prior to waiving the breakdown of the fines and fees "on the Abstract." Defendant's appellate counsel subsequently sought modification of a sex offender fine in the trial court. As a result, the trial court modified the sex offender fine, and a minute order and amended abstract of judgment were prepared that reflect the breakdown of the fines, fees, and assessments.

With respect to the trial court's imposition of the fines and fees without a finding of defendant's ability to pay, counsel did not object. The issue is forfeited. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 597-598.)

At sentencing, defense counsel asked that the court run defendant's "Oregon time concurrent with his California time" and that the court award custody credit for time spent in jail after having been transferred from Oregon. The court denied credits and refused to run the sentences concurrently. Defendant argues that consecutive sentencing was not mandatory and thus his sentence should have run concurrently unless the court stated a valid reason for denying concurrent sentencing.

Penal Code section 669 provides that the last sentence runs concurrently with the first sentence, even an out-of-state sentence, unless the trial court decides to run it consecutively.[1] (*In re Patterson* (1966) 64 Cal.2d 357, 361-362.) Here, defense counsel

---

[1] Penal Code section 669 provides, in relevant part, as follows: "(a) When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively. . . . [¶] (b) In the event that the court at the time of pronouncing the second or other judgment upon that

asked that the court run defendant's "Oregon time concurrent with his California time." Initially, the court stated that it did not believe it had the authority to "sentence concurrently to an Oregon case" but went on to say that "even if the Court could sentence it [con]currently with the Oregon case, one, this Court doesn't have information on the Oregon case" and that the "limited information that [the court has], this Court would not give concurrent time for the offense or offenses that occurred out of state."

The probation officer had reported to the court that defendant, who had been under investigation in Oregon for having child pornography on his computer, admitted to Oregon police that he had sexually abused a child in Los Molinos, California (Tehama County), 10 years before but claimed (mistakenly) that he could not be prosecuted because the statute of limitations had run. On October 27, 2011, defendant was convicted in Oregon of 16 felony counts of encouraging child sexual abuse and sentenced to 45 months in prison and three years on postprison supervision.

Defense counsel did not object to the court's statement of reasons for running the California sentence consecutively to the Oregon sentence. The issue is forfeited. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

---

person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon that failure to determine, or upon that prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of the notice, determine how the term of imprisonment upon the second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

Defendant contends he was entitled to a jury trial on any factor used to enhance his sentence, and the court had no jurisdiction to impose the sentence that it did and failed to state a valid reason for consecutive sentencing. Defendant entered into a negotiated plea bargain for a stipulated state prison sentence of the *low* term of three years on count I and a consecutive *one-third the midterm*, or two years, for count II. In challenging the sentence to which he agreed as part of the plea bargain, defendant is attacking the validity of his plea, which he cannot do because he failed to obtain a certificate of probable cause. (Pen. Code, § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-78; *Turner*, *supra*, 171 Cal.App.3d at pp. 127-128, fn. 8.)

Defendant complains that the trial court erroneously denied credits. Defense counsel requested that the court award custody credit from the date defendant was transferred from Oregon to California (Apr. 18, 2012) to the date of sentencing (Dec. 10, 2012). The prosecutor stated that defendant "came here as a sentenced prisoner from Oregon and is serving a prison term." The court denied credits "since [defendant is] in custody on another offense."

Penal Code section 2900.5, subdivision (b) provides that presentence credits shall be given "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." Thus, "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1191.) "[A] period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence." (*In re Joyner* (1989) 48 Cal.3d 487, 489; accord, *Bruner*, *supra*, 9 Cal.4th at pp. 1180-1181.)

The court properly denied credits since defendant was in custody serving an Oregon prison sentence. Defendant is not entitled to dual credits.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


          RAYE          , P. J.


We concur:


          BUTZ          , J.


          HOCH          , J.