Filed 4/19/23  Serena G. v. Robert H. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SERENA G., <br><br> Respondent, <br><br> v. <br><br> ROBERT H., <br><br> Appellant. | A164396 <br><br> (Alameda County <br> Super. Ct. No. HF18900120) |

**MEMORANDUM OPINION**[1]

After Serena G. filed a petition to establish parental relationship alleging Robert H. as her child's father,[2] the parties appeared in the Alameda Superior Court for a status conference.  Representing themselves, they admitted they are the child's parents and signed an uncontested judgment of parentage which they prepared in court.  About a year and a half later (after Serena requested child support), Robert moved through counsel to set aside the judgment on two grounds:  first, under Code of Civil Procedure section 473, arguing the judgment is void for lack of personal jurisdiction over him

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

[2] We use the parties' first names to protect the child's privacy. (Cal. Rules of Court, rule 8.90(a)(1), (b)(1), (b)(11).)

1

based on a fraudulent proof of service of summons; and second, under Family Code section 7646, arguing he is not the child's genetic father. The court denied both motions: under the Code of Civil Procedure, "finding that [Robert] acquiesced to the court's jurisdiction at the [status conference]"; and under the Family Code, "stating no grounds and making no findings for said denial." Robert appeals on the same grounds he argued in the superior court.[3] We find no error.

1. *The judgment is not void because Robert consented to the superior court's jurisdiction by making a general appearance.*

When the superior court does not have jurisdiction over a party, its judgment affecting that party is void, subject to direct or collateral attack at any time (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660), and the court "may, on motion of either party after notice to the other party, set aside any void judgment or order" (Code Civ. Proc., § 473, subd. (d)). "[T]he word 'may' in . . . section 473, subdivision (d) [means the] trial court [has] discretion to grant or deny a motion to set aside a void judgment. [Citation.] However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void. [Citation.] Thus, the reviewing court faces two separate determinations

---

[3] Serena did not file a respondent's brief, and Robert did not request oral argument. We therefore decide the appeal on the record and the opening brief (Cal. Rules of Court, rule 8.220(a), (c)), though "we do not treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error)" (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1, italics omitted): "A judgment or order of [the superior] court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) It is Robert's burden as the appellant "to demonstrate, on the basis of the record . . . , that the trial court committed an error that justifies reversal . . . ." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

2

when considering an appeal founded on section 473, subdivision (d): whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting (or not setting) it aside. [Citation.] The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void [judgment] is reviewed for abuse of discretion." (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 369.)

"Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him . . . . A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subds. (a), (b); Cal. Rules of Court, rule 5.68(c).) A defendant[4] makes a general appearance by participating in the action in a manner that recognizes the court's authority to proceed. (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147.) "Such participation operates as consent to the court's exercise of jurisdiction . . . , [waiving] all objections based on lack of personal jurisdiction or defective process or service of process . . . even if the defendant is unaware that a jurisdictional objection is available." (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7–8.) "A California defendant can preserve objections to personal jurisdiction only by making a special appearance, i.e., an appearance for the sole purpose of objecting to the court's jurisdiction." (*In re Marriage of Obrecht*, at p. 8, italics omitted.)

The superior court is correct that Robert "acquiesced" to its jurisdiction at the status conference. By personally going to court, participating in preparing the judgment, and then signing it, Robert made a general appearance. (See *Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1270–

---

[4] Here, respondent. (Fam. Code, §§ 50, 127; Cal. Rules of Court, rule 5.16(a)(1).)

1271 [party made a general appearance by signing stipulated orders for entry of judgment and establishment of support even before the parentage action was filed].)  Because his general appearance equates to personal service of the summons and petition (Code Civ. Proc., § 410.50, subd. (a); Cal. Rules of Court, rule 5.68(c)), and operates as consent to the court's jurisdiction over him (*In re Marriage of Obrecht, supra*, 245 Cal.App.4th at p. 7), his contentions about fraud in the proof of service and total failure of service of process are waived.  (*In re Marriage of Obrecht*, at p. 8; *Adoption of Matthew B.*, at p. 1270.)  It follows that because the judgment is not void, the court did not abuse its discretion by not setting aside the judgment when it did not have the power to do so.  (*Kremerman v. White, supra*, 71 Cal.App.5th at p. 369.)

Robert's contention that he appeared in court only because Serena allegedly tricked him to go there is ineffectual.  "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  (Code Civ. Proc., § 410.10.)  "The actual presence of an individual in the courtroom is the most widely recognized basis for jurisdiction of a court.  Indeed, it has been held that even one who is brought into a state illegally may not challenge the jurisdiction of its courts upon that ground."  (*In re Patterson* (1966) 64 Cal.2d 357, 360, citing *Frisbie v. Collins* (1952) 342 U.S. 519 [does not violate due process]; see, e.g., *United States v. Alvarez-Machain* (1992) 504 U.S. 655, 657, 661–662, 669–670 [not a defense to personal jurisdiction that a defendant's presence in a Texas district court was obtained by a " 'shocking' " "forcible abduction" from Mexico orchestrated by American law enforcement].)

Likewise ineffectual is Robert's contention that he "signed any documents required without reading them, naively believing that with a

judge in the room things had to be alright [*sic*]," and that he "had no concept of the actual legal impact [citation]." "[J]udges must not assume the role of advocate for any litigant. . . . [A] self-represented litigant who is not indigent 'must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.' " (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 811.) If Robert signed documents in court without reading or understanding them and without legal counsel, then he must bear the risk of his mistake. (*Estate of Eskra* (2022) 78 Cal.App.5th 209, 215.) The record, however, contradicts his claim. The judgment and status conference minutes state the parties prepared the judgment themselves in court after "discuss[ing] the issues before the Court . . . ." As part of the judgment, Robert signed Judicial Council Forms, form FL-235 (*Advisement and Waiver of Rights Re: Establishment of Parental Relationship*), acknowledging: "I understand that if I admit I am the parent of the children in this action that those children will be my children for legal purposes," including child support; "I understand that I am admitting that I am the parent of the children named"; and, "I have read and understand the *Judgment (Uniform Parentage–Custody and Support)* (form FL-250) and this *Advisement and Waiver of Rights*." And, at the hearing on Robert's set-aside motion the judge asked Robert's counsel, "[H]e did agree to it on the record?"; Robert's counsel answered, "I wasn't there, but I believe he did so"; and Robert, who was present, said nothing.[5]

---

[5] The record does not include a transcript of the status conference. " 'We must therefore presume that what occurred at that hearing supports the judgment.' " (*In re Marriage of Obrecht, supra*, 245 Cal.App.4th at p. 9.)

5

2. *Robert waived his right to challenge the judgment on the grounds that he is not the child's genetic father.*

The Uniform Parentage Act (Fam. Code, § 7600 et seq.) empowers the superior court, under specified conditions, to set aside a judgment if genetic testing shows a child's previously established father is not the child's genetic father. (Fam. Code, § 7645 et seq.) "A trial court's order granting or denying a request for genetic testing is generally reviewed for abuse of discretion. . . ." (*County of Orange v. Superior Court* (2007) 155 Cal.App.4th 1253, 1257–1258.) "We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

One such basis is readily available: " '[A] stipulation for a judgment is a consent to the entry of the judgment and is a waiver of errors by the party consenting thereto.' " (*Adoption of Matthew B., supra*, 232 Cal.App.3d at p. 1272; see generally *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 399–402.) By signing the advisement and waiver of rights (Judicial Council Forms, form FL-235), Robert acknowledged his rights to a judge's determination whether he is a parent of the child and to court-ordered parentage tests "where the law permits," before "admitting that I am the parent of the children named in the stipulation and am giving up the rights stated above . . . ." Serena signed the same form, and entry of the uncontested judgment followed. "Because [Robert] consented to the paternity judgment, thereby waiving any errors," the superior court did not abuse its discretion by denying his motion under the Family Code, and "there remains nothing else for us to review." (*Adoption of Matthew B.*, at p. 1272.)

## DISPOSITION

The Alameda Superior Court's order of November 19, 2021, is affirmed.

6

_____

Jackson, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.